UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

VIVIAN DOROTHEA GROVER-TSIMI,

     Plaintiff,

v.

SPRINT NEXTEL CORPORATION,

     Defendant.

Civil No. 10-379 (PJS/AJB)

**REPORT AND RECOMMENDATION**

This matter is before the undersigned United States Magistrate Judge on Plaintiff's "Application To Proceed Without Prepayment of Fees," (Docket No. 2), by which she is seeking leave to proceed in forma pauperis, ("IFP"), as permitted by 28 U.S.C. § 1915(a)(1). The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court will recommend that Plaintiff's IFP application be denied, and that this action be dismissed for lack of subject matter jurisdiction.

## I. BACKGROUND

Plaintiff is attempting to sue Defendant Sprint Nextel Corporation for allegedly altering her telephone records. According to Plaintiff's complaint, Defendant deliberately omitted at least three phone calls from some of Plaintiff's recent telephone billing statements. Two of the allegedly missing phone calls pertain to 911 calls that Plaintiff placed in June 2009, and a third call involved a conversation between Plaintiff and the United States Marshal in December 2009.

Plaintiff alleges that she will require evidence of the two 911 calls to substantiate her claims in another lawsuit pending in this District – <u>Grover-Tsimi v. Millpond Partners</u>, Civil No. 09-3544 (JRT/SRN). She claims that Defendant has jeopardized her ability to prove up her claims in that other lawsuit, by eliminating evidence supporting those claims – i.e., the phone records showing that she placed the two 911 calls described in the current complaint.

It is less clear why Plaintiff supposedly needs evidence of her telephone conversation with the Marshal in December 2009. That call pertained to the Marshal's efforts to serve the named Defendants in yet another lawsuit Plaintiff recently brought in this District – <u>Grover-Tsimi v. State of Minnesota</u>, Civil No. 09-2852 (PJS/AJB). Evidently, Plaintiff anticipates that she might have some problem proving that the Defendants in that case were properly served, and she apparently believes that she could overcome that problem if she had a telephone record evidencing her telephone conversation with the Marshal. (<u>See</u> Complaint, pp. 2-3, § I.A.3.)[1]

As explained by Plaintiff, she is now attempting to sue Defendant for "intentionally manipulat[ing] Plaintiff's calling records to specifically discard calls on June 2, 2009, June 21, 2009, and December 29, 2009 and a personal call, possibly other calls undiscovered, relative to the rise of potential legal implications in conjunction with the calls themselves." (<u>Id</u>., p. 3, § I.B.) Plaintiff is seeking a judgment against Defendant for $3,000,000.00.

---

[1] The docket sheet in <u>Grover-Tsimi v. State of Minnesota</u>, Civil No. 09-2852 (PJS/AJB), shows that all of the named Defendants in that case have been served, and all of them have appeared by counsel. This Court has filed a Report and Recommendation in that case, recommending that the action be summarily dismissed without prejudice for failure to prosecute.

## II.  DISCUSSION

 "Subject matter jurisdiction... is a threshold requirement which must be assured in every federal case."  Turner v. Armontrout, 922 F.2d 492, 293 (8th Cir. 1991). "[W]here jurisdiction does not exist the court, whether trial or appellate, shall dismiss the action sua sponte."  Williams v. Rogers, 449 F.2d 513, 518 (8th Cir. 1971), cert. denied, 405 U.S. 926 (1972), (citing Louisville and Nashville R.R. Co. v. Mottley, 211 U.S. 149, 152 (1908)).  Fed. R. Civ. P. 12(h)(3) provides that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  (Emphasis added.)

"Article III, § 2, of the United States Constitution... limits the subject matter jurisdiction of federal courts to actual cases and controversies."  McClain v. American Economy Ins. Co., 424 F.3d 728, 731 (8th Cir. 2005). "'[T]o satisfy Article III's standing requirements, a plaintiff must show (1) it has suffered an 'injury-in-fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.'" Id., quoting Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc., 528 U.S. 167, 180-81 (2000).

Plaintiff's current complaint does not present a justiciable case or controversy, because it does not satisfy the "injury-in-fact" requirement.  Plaintiff has not identified any "actual or imminent" injury caused by Defendant.  At best, Plaintiff has alleged only an extremely hazy, speculative and conjectural "injury."

Plaintiff contends that she might suffer some detriment to her substantive legal rights in two other pending lawsuits, if she needs proof of the phone calls described in her current complaint.  However, Plaintiff has offered no reason to believe that the outcome of her

other two lawsuits will hinge on her ability to prove that those phone calls actually occurred. She has offered no reason to believe that the phone calls are the <u>sine</u> <u>qua</u> <u>non</u> of either of her other cases. Furthermore, there is no indication that the existence of those calls will be challenged by any party, or that she cannot prove the existence of those calls without the records that Defendant allegedly altered.

In sum, the Court finds that Plaintiff has alleged no facts showing or suggesting that Defendant's alleged alteration of her phone records has caused (or will cause) any cognizable injury to her substantive legal rights. Thus, the Court concludes that Plaintiff's complaint does not present a justiciable case or controversy. The Court will therefore recommend that this action be summarily dismissed for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3). Having determined that this action must be summarily dismissed, the Court will also recommend that Plaintiff's pending IFP application be summarily denied.

## III. RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's application to proceed <u>in</u> <u>forma</u> <u>pauperis</u>, (Docket No. 2), be **DENIED**; and

2. This action be summarily **DISMISSED** for lack of jurisdiction.

Dated: March __12__, 2010

__s/ Arthur J. Boylan_____
ARTHUR J. BOYLAN
United States Magistrate Judge

4

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.  This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals.  Written objections must be filed with the Court before  March 27, 2010.