UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| VIVIAN DOROTHEA GROVER-TSIMI, | Case No. 10-CV-0379 (PJS/AJB) |
| Plaintiff, | |
| v. | ORDER |
| SPRINT NEXTEL CORPORATION, | |
| Defendant. | |

Vivian Dorothea Grover-Tsimi, pro se.

This matter is before the Court on plaintiff Vivian Dorothea Grover-Tsimi's objection to the March 12, 2010 Report and Recommendation ("R&R") of Magistrate Judge Arthur J. Boylan. Judge Boylan recommends dismissing all of Grover-Tsimi's claims because they do not present an actual case or controvery, as required by Article III, Section 2 of the United States Constitution. The Court has reviewed de novo those portions of the R&R to which Grover-Tsimi has objected, as required by 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b). The Court overrules Grover-Tsimi's objection and adopts Judge Boylan's R&R. The Court also provides additional reasons why Grover-Tsimi's lawsuit should be dismissed.

Grover-Tsimi is one of this District's most prolific pro se litigants. In the past year, she has filed at least seven lawsuits in this District: *Grover-Tsimi v. Park Dental Group, et al.*, Case No. 09-CV-2633 (DWF/JJG) (filed September 28, 2009); *Grover-Tsimi v. Am. Laser Centers, LLC, et al.*, Case No. 09-CV-2729 (DSD/JJK) (filed October 2, 2009); *Grover-Tsimi v. State of Minnesota, et al.*, Case No. 09-CV-2852 (PJS/AJB) (filed October 14, 2009); *Grover-Tsimi v. Millpond Partners, et al.*, Case No. 09-CV-3544 (JRT/SRN) (filed December 14, 2009);

*Grover-Tsimi v. Manrique, et al.*, Case No. 09-CV-3719 (ADM/AJB) (filed December 29, 2009); this case, *Grover-Tsimi v. Sprint Nextel Corp.*, Case No. 10-CV-0379 (PJS/AJB) (filed February 12, 2010); and *Grover-Tsimi v. United States, et al.*, Case No. 10-CV-0588 (JMR/AJB) (filed March 2, 2010).

This particular lawsuit arises out of the fact that, according to Grover-Tsimi, defendant Sprint Nextel Corporation ("Sprint") omitted four calls from phone bills that it sent to Grover-Tsimi: a 911 call made by Grover-Tsimi on June 2, 2009; a 911 call made by Grover-Tsimi on June 21, 2009; a call that Grover-Tsimi received on December 29, 2009; and a call that Grover-Tsimi received on January 3, 2010. Most people, on learning that their phone company has omitted a call from a bill, would likely shrug. Grover-Tsimi has filed a $3 million lawsuit against Sprint.

Grover-Tsimi's theory, to the extent that it can be gleaned from her complaint, is that the omission of these four calls was not accidental or pursuant to a standard company policy. Rather, according to Grover-Tsimi, Sprint intentionally omitted these phone calls from her bills in order to deprive her of evidence that might corroborate factual allegations that she might make in connection with lawsuits that she might file in the future. Without this corroborating evidence, Grover-Tsimi says, she may lose lawsuits that she would otherwise win, and thus Sprint owes her $3 million.

Grover-Tsimi's lawsuit is dismissed for three reasons:

First, Grover-Tsimi filed her lawsuit "[p]ursuant to 42 U.S.C. § 1983," Complaint at 1, and seeks to recover "pursuant to 42 U.S.C. § 1983," *id.* at 6. But "[o]nly state actors can be held liable under Section 1983." *Youngblood v. Hy-Vee Food Stores, Inc.,* 266 F.3d 851, 855 (8th Cir.

2001). Sprint is not a state actor, and Grover-Tsimi has not alleged that Sprint acted in concert with a state actor, and thus Sprint cannot be held liable under § 1983.

Second, Grover-Tsimi's complaint fails to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). As to two of the four calls cited by Grover-Tsimi — the calls that she allegedly received on December 29, 2009 and January 3, 2010 — Grover-Tsimi's complaint gives no inkling as to how Sprint's failure to provide corroborating evidence of those calls could conceivably harm Grover-Tsimi's chances of winning a lawsuit. As to the two other calls — the 911 calls that Grover-Tsimi allegedly made on June 2, 2009 and June 21, 2009 — Grover-Tsimi's complaint does contend in a conclusory way that evidence of these calls (which pertained to disputes with her landlord) might assist her in the lawsuit that she filed against her landlord. *See Grover-Tsimi v. Millpond Partners, et al.*, Case No. 09-CV-3544 (JRT/SRN). But Grover-Tsimi has alleged no facts that, if true, would give her a plausible claim against Sprint.

Grover-Tsimi's complaint against Sprint boils down to the allegations that (1) evidence that Grover-Tsimi made the two 911 calls regarding her landlord in June 2009 would help Grover-Tsimi in the lawsuit that she filed against her landlord in December 2009; (2) Sprint omitted the two 911 calls from Grover-Tsimi's phone bills; and therefore (3) Sprint must have been acting intentionally, as part of a conspiracy with the landlord. Grover-Tsimi alleges absolutely no facts that would explain how Sprint would know that Grover-Tsimi (one of millions of Sprint subscribers) was experiencing conflicts with her landlord in June 2009; how Sprint would know that Grover-Tsimi would sue that landlord months later; how Sprint would

know that evidence of the 911 calls would help Grover-Tsimi in that future lawsuit; why Sprint would care whether Grover-Tsimi would win that future lawsuit; or why Sprint would put itself at legal risk to help Grover-Tsimi's landlord defend against that future lawsuit. Grover-Tsimi's complaint does not come close to meeting the requirements of Fed. R. Civ. P. 8.

Finally, the Court agrees with Judge Boylan that, because Grover-Tsimi "has alleged only an extremely hazy, speculative and conjectural 'injury,'" R&R at 3, her complaint does not present a justiciable case or controversy under Article III, Section 2 of the United States Constitution, at least insofar as Grover-Tsimi bases her claims upon the impact of Sprint's behavior on her lawsuits against others. Insofar as Grover-Tsimi seeks to recover for the emotional distress caused by Sprint's conduct, her complaint alleges a sufficiently concrete injury, but nevertheless must be dismissed for the reasons stated above.

ORDER

Based on the foregoing and on all of the files, records, and proceedings herein, the Court OVERRULES Vivian Dorothea Grover-Tsimi's objection [Docket No. 4] and ADOPTS Judge Boylan's Report and Recommendation [Docket No. 3]. Accordingly, IT IS HEREBY ORDERED THAT:

1. This matter is DISMISSED WITHOUT PREJUDICE.
2. Plaintiff Vivian Dorothea Grover-Tsimi's motion for leave to proceed in forma pauperis [Docket No. 2] is DENIED AS MOOT.

Dated: June 4, 2010

s/Patrick J. Schiltz
Patrick J. Schiltz
United States District Judge